**IT IS ORDERED as set forth below:**

**Date: March 4, 2019**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | CASE NUMBERS |
| | : | |
| STEPHANIE SMITH, | : | BANKRUPTCY CASE |
| | : | 18-67425-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | ADVERSARY PROCEEDING |
| STEPHANIE SMITH, | : | NO. 18-05263-LRC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOMEBRIDGE FINANCIAL | : | IN PROCEEDINGS UNDER |
| SERVICES, INC., | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
| Defendant. | : | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Homebridge Financial Services, Inc.'s Motion to Dismiss (the "Motion"). (Doc. 5). For the following reasons, Defendant's Motion is GRANTED.

## I. BACKGROUND

Plaintiff Stephanie Smith filed Chapter 7 bankruptcy on October 16, 2018. (*See* Case No. 18-67425-LRC (Bankr. N.D. Ga.), Doc. 1). The case was dismissed on November 7, 2018, after Plaintiff's failure to file certain required documents. (*Id.*, Doc. 14).

While her bankruptcy case was pending, Plaintiff initiated this action to challenge the validity of Defendant's lien. (The Complaint, Doc. 1). Plaintiff asks the Court to strip Defendant's lien to the extent that it exceeds the value of her real property, located at 516 Heirloom Drive, Hampton, Georgia 30281 (the "Property"). (The Complaint ¶ 8.)

On November 15, 2018, after the underlying bankruptcy case was dismissed, Defendant moved the Court to dismiss Plaintiff's complaint. (Doc. 5). Defendant maintains that the Court should refuse jurisdiction because Plaintiff's underlying bankruptcy case has been dismissed. In the alternative, Defendant argues that Plaintiff fails to state a claim upon which relief may be granted. Plaintiff has not responded to the Motion and has thereby indicated that the Motion is unopposed. *See* BLR 7007–1(c) ("Failure to file a response shall indicate no opposition to the motion.").

## II. DISCUSSION

Given that the underlying bankruptcy case has been dismissed in an early stage of this adversary proceeding and Debtor has failed to oppose the Motion, the Court refuses to retain jurisdiction. Furthermore, even if retaining jurisdiction was proper, the Complaint fails to state a claim for which relief can be granted.

**A. The Court Will Not Retain Jurisdiction**

2

Dismissal of an underlying bankruptcy case does not automatically divest the bankruptcy court of its jurisdiction over an adversary proceeding. *Fidelity & Deposit Co. of Maryland v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992). Instead, the court has discretion to determine whether it should continue to hear that case. 11 U.S.C. § 349(b). To make that decision, courts consider: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *In re Morris*, 950 F.2d at 1535. In *Morris*, a building contractor had initiated an adversary proceeding in his Chapter 11 reorganization to recover money he had earned during a project. *Id.* at 1533. About four years after the Chapter 11 proceeding had been filed, the bankruptcy court dismissed the underlying case on the ground that the debtor had failed to file a reorganization plan. *Id.* Despite dismissing the underlying proceeding, the bankruptcy court decided to retain jurisdiction and proceeded to set the case for trial. *Id.* After the trial had concluded and judgment was entered in the debtor's favor, the defendant appealed and the district court reversed the bankruptcy court's decision to retain jurisdiction. *Id.* On appeal, the Eleventh Circuit reversed the district court's decision, finding that because the adversary proceeding had been pending for four years, judicial economy and fairness to the litigants weighed heavily in favor of retaining jurisdiction. *Id.* at 1535.

Yet, cases like *Morris*, where the court retains jurisdiction, are the exception, not the rule. *See Clift v. Gustafson (In re Gustafson)*, 316 B.R. 753, 758 (Bankr. S.D. Ga. 2004). Normally, if the underlying bankruptcy case is dismissed in the early stages of an adversary proceeding, the bankruptcy court will not retain jurisdiction. *See, e.g., Hargon*

3

*v. Ocwen Loan Servicing, LLC (In re Hargon)*, 581 B.R. 911 (Bankr. N.D. Ga. 2018) (dismissing a case where the underlying bankruptcy was dismissed three months after the adversary proceeding began); *Sneed v. Resurgent Capital Servs., LLC (In re Sneed)*, 2015 WL 2170013, at *2 (Bankr. N.D. Ga. Apr. 13, 2015) (finding dismissal was appropriate where the underlying bankruptcy case was dismissed one month after the adversary proceeding began).

The Court sees no reason to retain jurisdiction in this case. Unlike *Morris*, this case was only pending for a little over two months and was still in the pleading stage before the underlying case was dismissed. Thus, judicial economy does not support retaining jurisdiction. Additionally, Plaintiff's failure to respond to the Motion supports finding that she would not be unfairly burdened by having to litigate her claims elsewhere. Because the first and second factors weigh heavily against retaining jurisdiction, the Court concludes that dismissal is appropriate.

**B. Plaintiff Fails to State a Claim for Which Relief Can be Granted**

Even if retaining jurisdiction was appropriate in this case, the Complaint fails to state a claim for which relief can be granted. In reviewing a motion to dismiss, the Court accepts the facts as stated in the pleadings and views them in the light most favorable to the nonmoving party. *See Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002); *McMillen v. Syndicated Office Sys., Inc. (In re McMillen)*, 440 B.R. 907, 910 (Bankr. N.D. Ga. 2010) (Bihary, B.J.) ("[A] judgment on the pleadings is appropriate when there are no issues of material facts in dispute, and judgment may be rendered by considering the

4

substance of the pleadings and any judicially noticed facts."). "A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief." *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992)

In the Complaint, Plaintiff seeks to strip Defendant's lien to the extent it exceeds the value of the Property, pursuant to 11 U.S.C. § 1322(b) and in reliance on *Tanner v. FirstPlus Financial, Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir. 2000). Section 1322(b) is only available in Chapter 13 cases. Because Plaintiff's petition was filed under Chapter 7, § 1322(b) does not apply.[1] Accordingly, the Complaint fails to state a claim for which relief can be granted.

## **CONCLUSION**

Finding that retaining jurisdiction would be inappropriate and that Plaintiff has failed to state a claim for which relief can be granted, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 5) is GRANTED, and the above-styled proceeding is DISMISSED.

**[END OF DOCUMENT]**

---

[1] To the extent that Plaintiff attempts to use 11 U.S.C. § 506 to strip Defendant's lien, such relief is not available in a Chapter 7 case. *Bank of Am., N.A. v. Caulkett*, 135 S. Ct. 1995, 1999 (2015); *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992).

**DISTRIBUTION LIST**

Howell A. Hall
Shapiro, Pendergast & Hasty, LLP
211 Perimeter Center Parkway
Suite 300
Atlanta, GA 30346

Stephanie Smith
516 Heirloom Dr.
Hampton, GA 30058

Edwin K. Palmer
P.O. 1284
Decatur, GA 30031